1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   SOPHIA BRULEE, et al.,                    )   Case No.: 1:17-cv-01434 JLT
                                               )
12                    Plaintiffs,              )   PRETRIAL ORDER
                                               )
13           v.                                )   Deadlines:
                                               )
14   MIDVALE INDEMNITY COMPANY, et al.,        )   Motions in Limine Filing: 11/16/2018
                                               )   Oppositions to Motions in Limine: 11/23/2018
15                    Defendants.              )   Trial Submissions:  11/30/18
                                               )
16                                             )   Jury trial:  12/10/2018 at 8:30 a.m., 3-4 days
                                               )
17   _____ )

18           Tools N Thangs claims that the defendant failed to pay

19   **A.     JURISDICTION/ VENUE**

20           This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and

21   supplemental jurisdiction for Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

22   In addition, the events that gave rise to this action occurred in Bakersfield, California.  Accordingly,

23   venue is proper in the United States District Court for the Eastern District of California sitting in

24   Bakersfield.  *See* 28 U.S.C. § 1391.

25   **B.     JURY TRIAL**

26           The parties demanded a jury trial in this matter.  (Doc. 1 at 13; Doc. 14 at 14)

27   **C.     UNDISPUTED FACTS**

28           1.      TNT's claims herein arise out of an incident that took place in the City of Bakersfield,

                                               1

State of California, and within this judicial district.

2. TNT is a second-hand store located at 2006 Chester Avenue in Bakersfield, California.

3. Midvale has its principal office in Wisconsin.

4. There is complete diversity between the parties.

5. Venue is proper within this judicial district.

6. Midvale issued the insurance policy to Tools N Thangs and Gallagher Bassett was the third-party administrator for Midvale.

7. Insurance Policy No. BPP1004836 was in effect from May 24, 2016 to May 24, 2017 and TNT was current on its premiums.

8. TNT reported the loss to Midvale.

9. Midvale asked TNT to submit a list of items that had been stolen and requested supporting documentation.

10. TNT provided an inventory list without supporting documentation as TNT maintained that the supporting documentation was on the computer that had been stolen.

11. TNT's Insurance Policy, No. BPP1004836 contained a policy limit of $50,000 for Business Personal Property.

12. On October 24, 2017, TNT and Sophia Brulee, who has since been dismissed as a named plaintiff, filed the operative complaint.

13. On April 4, 2018, Midvale advised it would be issuing a check in the amount of $50,000 for the Business Personal Property claim.

14. Midvale has not paid and denies any obligation to pay TNT for its loss of business income claim.

**D.     DISPUTED FACTS**

**All other facts remain in dispute, which TNT contends includes but is not limited to:**

1. Whether there is coverage for the loss of business income sustained by TNT;

2. Whether Midvale conducted a full, adequate, and/or fair investigation of TNT's claim;

3. Whether Midvale wrongfully denied TNT's claims for loss of Business Personal Property;

4.      Whether Midvale unreasonably delayed in paying TNT's claim for loss of Business Personal Property;

5.      Whether Midvale wrongfully ignored the claim for loss of TNT income sustained by TNT rather than investigating it;

6.      Whether Midvale breached the covenant of good faith and fair dealing in regard to the claims made by TNT

7.      Whether Midvale acted with malice, oppression, and/or fraud in regard to its conduct toward TNT and TNT's claims.

**Midvale contends the following are additional disputed factual issues for trial:**

1.      Whether a "period of restoration" occurred such that TNT is entitled to loss of business income under the policy.

2.      Whether TNT's claim of lost business income was caused by diminished inventory, and not as the result of a "period of restoration."

3.      Whether TNT ceased "Operations" as the result of the theft loss.

**E.      DISPUTED EVIDENTIARY ISSUES**

Both parties intend to file motions in limine regarding the evidence to be used at trial.

**Defendant:**

Defendant anticipates filing three motions in limine.  First, to limit evidence and witness at trial to those disclosed in discovery.  Second, to preclude reference to matters that have already been summarily adjudicated.  Third, to preclude testimony concerning any alleged impact of the claim on Ms. Brulee individually because she is no longer a party to this action and has no personal claims to be adjudicated.

After discussion at the pretrial hearing and upon the plaintiff's agreement, the second and third motions are **GRANTED.**

**G.      SPECIAL FACTUAL INFORMATION**

**Plaintiff**

TNT's Complaint includes a claim for breach of contract.

1.      The terms and conditions of the insurance agreement between the Parties are set forth in

3

Insurance Policy, No. BPP1004836. This policy was in effect at the time of the subject incidents and TNT was current on all premiums.

2. The terms and conditions of the insurance agreement between the Parties are set forth in Insurance Policy, No. BPP1004836.

3. None by TNT. Midvale misrepresented that it would provide insurance coverage but failed to do so.

4. Midvale breached the terms of the insurance contract by refusing to provide coverage for the Business Personal Property loss until more than a year after the claim was made, after this lawsuit was filed, and after numerous rejections of the claim. In addition, Midvale has not paid the claim for loss of Business Income.

5. None.

6. In terms of the breach of contract claim, TNT will seek to recover the full benefit owed in an amount according to proof at trial plus interest accrued from the date of the loss for both the delay in payment for the Business Personal Property and for the loss of Business Income, attorney's fees and costs, and punitive damages as a result of Midvale's bad faith.

**Midvale**

1. Midvale agrees that the terms of the contract are set forth in the policy issued by Midvale to TNT.

2. The terms of the policy are in writing. There were no modifications of the policy.

3. There were no misrepresentations of fact, mistake, or other matters affecting the validity of the policy.

4. Midvale denies its breach of the policy. TNT contends that Midvale breached the contract by failing to provide coverage for loss of business income.

5. There are no issues of waiver or estoppel.

6. The relief sought by TNT for its contract claim is set forth under subheading (f) above.

7. In pertinent part, the policy provides:

"f. Business Income

(1) Business Income

(a) We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises."

"Period of Restoration" is defined to mean the period of time starting 72 hours after the loss or damage and ending on the date when the property at the premises should be repaired, rebuilt or replaced with reasonable speed and similar quality. "Operations" is defined to mean the insureds business activities occurring at the insured premises.

Here, there is no evidence that a period of restoration occurred. Nor is there any evidence that physical damage to TNT's premises required a period of time greater than 72 hours in which time to repair, rebuild, or replace the damage, such that it was required to cease its operations.

## H. RELIEF SOUGHT

### Plaintiff

Plaintiff is seeking to recover damages for failure to provide coverage under the policy including but not limited to economic damages including Defendant's failure to pay benefits owed, punitive damages, attorneys' fees, costs, prejudgment and post judgment interest.

## I. ABANDONED ISSUES

None.

## J. WITNESSES

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

### Plaintiff's Witnesses

1. Sophia Brulee
2. Noel Fredette
3. Paul Haggerty
4. Joanna Moore (expert)

5.      Joshua Bohrer

6.      Heather Cohen

7.      Michael Marderosian

8.      Erin McNinch

9.      Colton Blankenship

10.     John Otterness

11.     Devin Clemons

12.     David Nelson

13.     Thomas Kienstra

14.     Regina Geeser

**Defendants' Witnesses**

1.      Sophia Brulee

2.      Paul Haggerty

3.      Noel Fredette

4.      Howard Passin (expert)

**K.      EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Plaintiff's Exhibits**

1.      Photographs of Tools N Thangs

2.      Insurance Policy, No. BPP1004836

3.      Midvale's Claims File including notes [DEF000001-DEF000091, DEF000128-DEF000135, DEF000139-DEF000254]

4.      June 8, 2017 denial letter

5.      Invoice for Investigation of Claim and Adjuster Activity Worksheet [DEF000354-DEF000356]

6. Final Report from Ryze Claims Solutions to Galagher Bassett [DEF000359]

7. First report from Ryze Claims Solutions to Gallagher Bassett [DEF000361-DEF000371]

8. Adjuster Activity Worksheet [DEF000372]

9. Plaintiff's Bank Statements

10. April 4, 2018 letter from Tharpe Howell to Plaintiff's Counsel

11. October 3, 2018 letter from Gallagher Bassett to Tools N Thangs

12. Surveillance footage

13. Bakersfield Police Report dated February 14, 2017

14. Bakersfield Police Report dated March 21, 2017

15. Proof of Loss Statement

16. Lease of subject premises

17.  Records reflecting Attorneys' Fees and Costs incurred to date

**Defendant's Exhibits**

1. Policy No. BPP1004836 issued by Midvale to TNT, effective March 24, 2016 through March 24, 2017

2. Midvale's claim file, including without limitation, the claim notes, the Ryze file, and evidence of payments

3. Draft to TNT in the amount of $50,000 representing the coverage limits for TNT's loss of business personal property.

On or before **November 16, 2018** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.   As to any exhibit not previously produced, the proponent of the evidence **SHALL** produce it, via email or overnight delivery so that it is received by **November 14, 2018**.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery **SHALL** be

7

<u>provided at least five court days in advance of the exhibit conference</u>.

2.     At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  As to any "Shared Exhibits," which are exhibits that both parties would like marked but to which there may be objections to their introduction, they will be appropriately marked, i.e., as SE, and will be indexed as such on the index provided in the Shared Exhibit binder.  At trial, the proponent of the exhibit will be obligated to lay the proper foundation for the exhibit unless there is a stipulation to admit the exhibit without a further showing.

Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

|  |  | **ADMITTED** |
| --- | --- | --- |
| **EXHIBIT#** | **DESCRIPTION** | **IN EVIDENCE** |

3.     As to any exhibit which is not a joint or shared exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.     Each exhibit binder shall contain an index which is placed in the binder before the exhibits.  Each index shall consist of the exhibit number, the description of the exhibit and the three

8

columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|----------|-------------|----------------------|----------------------|-----------------|

5.     On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.     On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **December 6, 2018.** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7.     The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.     DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Documents**

1.     Defendant Midvale's Responses to Request for Production of Documents

2.     Gallagher Bassett's Responses to Request for Production of Documents

3.     Defendant Midvale's Responses to Interrogatories

4.     Gallagher Bassett's Responses to Interrogatories

///

**Defendants' Documents**

1. TNT's Disclosure Pursuant to F.R.C.P. 26(a).

**M.    FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**N.    MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

Counsel are reminded that a motion in limine is an evidentiary motion; it is not a dispositive motion. Luce, at 40, n. 2. Courts look with disfavor upon presenting dispositive motions in the guise of motions in limine. See Shewbridge v. El Dorado Irrigation Dist., 2007 U S. Dist. LEXIS 31535, at *11 (E.D.Cal. Apr. 30, 2007).

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **November 16, 2018**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **November 23, 2018**. The Court will not hold a hearing on the motions in limine.

The parties are reminded they may still object to the introduction of evidence during trial.

**O.    STIPULATIONS**

None.

**P. AMENDMENTS/ DISMISSALS**

None.

**Q. SETTLEMENT NEGOTIATIONS**

The parties will engage in a settlement conference on November 13, 2018, before the Honorable Sheila K. Oberto. The conference will occur at the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA.

**R. AGREED STATEMENT**

Counsel will meet and confer as to whether an agreed statement can be developed.

**S. SEPARATE TRIAL OF ISSUES**

None.

**T. APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U. ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**V. TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **December 10, 2018**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 3-4 days.

**W. TRIAL PREPARATION AND SUBMISSIONS**

**1. Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **November 30, 2018**.

**2. Jury Voir Dire**

The parties **SHALL** file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **November 30, 2018**.

**3. Jury Instructions & Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with

11

Local Rule 163 and their proposed verdict form on one another no later than **November 16, 2018.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **November 21, 2018**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **November 30, 2018**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

  **If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **November 30, 2018,** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

  In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction **SHALL** be numbered.

## X.  OBJECTIONS TO PRETRIAL ORDER

  Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## Y.  MISCELLANEOUS MATTERS

  None

///

///

///

**Z.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:    **November 5, 2018**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE